OPINION
PER CURIAM.
In this civil rights action, Timothy A. Hale, proceeding pro se, appeals from orders of the United States District Court for the Middle District of Pennsylvania denying his pre-trial motion in limine and entering judgment on the jury’s verdict. We will affirm.
In September 2007, Hale, a Pennsylvania inmate incarcerated at SCI-Rockview, filed a complaint against five prison officials, alleging that he was removed from his prison law library job in retaliation for filing grievances and civil rights actions, for assisting other prisoners with their grievances and lawsuits, and for challenging a “Cease Communications Order.” See 42 U.S.C. § 1983. The parties agreed to proceed before a Magistrate Judge. After unsuccessfully moving to dismiss the case under Federal Rule of Civil Procedure 12(b)(6), the defendants filed a motion for summary judgment, arguing, inter alia, that they removed Hale from his job because a confidential informant indicated that Hale had stolen photocopy paper from the law library. The Magistrate Judge denied the summary judgment motion, noting that the evidence did not support the defendants’ contention that Hale was fired under suspicion of stealing paper. In particular, the Magistrate Judge noted that “this case ... [is] one in which a serious allegation of misconduct was raised as to prisoner Hale, an investigation was conducted, he was not disciplined (nor determined in any explained manner to have committed misconduct) but he lost his prison library job ... and is now labeled a ‘security risk.’ ”
Prior to trial, Hale filed a motion in limine, seeking to preclude the defendants from arguing that “the plaintiffs job suspension was a disciplinary sanction [for] ... stealing the paper.” Hale contended that defendants could not present such an argument because “any claims or defenses not preserved by and through the prison grievance system ... would be procedural *217 ly defaulted pursuant to the requirements of the Prison Litigation Reform Act (PLRA),” and must be excluded from trial. The Magistrate Judge denied the motion, holding that the “PLRA does not require prison defendants to exhaust their defenses to a prisoner’s allegations in a civil suit before raising them at trial.” At trial, two of the defendants testified that Hale had been removed from his prison library job based on the confidential informant’s indication that Hale had stolen copy paper. The jury returned a verdict in favor of the defendants. This timely appeal followed.
We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 636(c)(3), which provides, in part, that “an aggrieved party [who filed the consent referred to in § 636(c)(1) ] may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court.” This Court reviews an evidentiary ruling for an abuse of discretion, reversing only if the ruling is arbitrary or irrational. See McKenna v. City of Philadelphia, 582 F.3d 447, 460 (3d Cir.2009); United States v. Williams, 458 F.3d 312, 315 (3d Cir. 2006).
The District Court properly denied Hale’s motion in limine. Contrary to Hale’s assertion, evidence that the defendants removed Hale from his prison library job because they suspected that he was stealing copy paper was certainly relevant to their defense. See Rauser v. Horn, 241 F.3d 330, 334 (3d Cir.2001) (holding that even if “a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest.”); see also Colon v. Hoivard, 215 F.3d 227, 234-35 (2d Cir.2000) (upholding admission of prison disciplinary record in § 1983 action alleging retaliation because the “information was part of the reason for the penalty ... assessed” by the Hearing Officer). In this connection, there is no merit to Hale’s assertion that the Magistrate Judge improperly permitted the defendants to testify about statements made to them by the confidential informant. While hearsay, those statements were not offered for their truth (i.e., that Hale stole the paper); rather, the informant’s statements were introduced to demonstrate that the defendants had a legitimate penological motive for removing Hale from his prison library job (ie., their belief that he was stealing paper). See Citizens Financial Group, Inc. v. Citizens Nat. Bank of Evans City, 383 F.3d 110, 133 (3d Cir.2004) (under the hearsay exception in Federal Rule of Evidence 803(3), statements that otherwise would be hearsay are admissible to show the declar-ant’s state of mind).
Finally, Hale did not cite, and we have been unable to locate, any authority supporting his contention that the defendants were required to administratively exhaust specific “claims or defenses” before raising them in the subsequent civil lawsuit. Cf. Talamantes v. Leyva, 575 F.3d 1021, 1024 (9th Cir.2009) (“joining] our sister circuits in holding that only those individuals who are prisoners (as defined by 42 U.S.C. § 1997e(h)) at the time they file suit must comply with the exhaustion requirements of 42 U.S.C. § 1997e(a).”).
Because the District Court’s evidentiary rulings were not an abuse of discretion, we conclude that it did not err in entering a verdict in favor of the defendants. Indeed, *218 Hale essentially concedes that if “the [defendants’] claim[ ] that [he] was believed to be stealing copy paper from work” was properly admitted into evidence, “[t]he action would be frivolous as a clear penological interest existed for job suspension absent the asserted protected conduct.”
For the reasons given, we will affirm the judgment of the District Court.